09-0083-ag
Weng v. Holder

BIA
Weisel, IJ
A029 795 078

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 30ᵗʰ day of July, two thousand ten.

PRESENT:
        REENA RAGGI,
        RICHARD C. WESLEY,
        GERARD E. LYNCH,
                *Circuit Judges*.

──────────────────────────────────────

LIN JIAN WENG, a.k.a. LIN JIAN FENG,
        *Petitioner*,

        v.                                    09-0083-ag
                                              NAC
ERIC H. HOLDER, Jr., U.S. ATTORNEY
GENERAL,[1]
        *Respondent*.

──────────────────────────────────────

FOR PETITIONER:        David Z. Su, Monterey Park,
                       California.

─────────────────────

    [1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

FOR RESPONDENT:          Tony West, Assistant Attorney
                         General, Anthony P. Nicastro, Senior
                         Litigation Counsel, Joanna L.
                         Watson, Trial Attorney, Office of
                         Immigration Litigation, Civil
                         Division, United States Department
                         of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED in part and DISMISSED in part.

Petitioner Lin Jian Weng, a native and citizen of the People's Republic of China, seeks review of a December 10, 2008, order of the BIA affirming the April 4, 2007, decision of Immigration Judge ("IJ") Robert Weisel, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Weng*, No. A029 795 078 (B.I.A. Dec. 10, 2008), *aff'g* No. A029 795 078 (Immig. Ct. N.Y. City Apr. 4, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we review the IJ's decision as modified by the BIA decision. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well

2

established.  *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Because Weng waived any challenge to the IJ's finding that he failed to establish past persecution, he was not entitled to a presumption of a well-founded fear of future persecution.  8 C.F.R. § 1208.13(b)(1).  Absent past persecution, an applicant may establish eligibility for asylum by showing that he subjectively fears persecution on account of an enumerated ground and that his fear is objectively reasonable.  *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004).  The BIA did not err in finding that Weng failed to establish a well-founded fear of persecution based on either: (1) his physical altercation with family planning officials over twenty years ago; or (2) the birth of his two U.S. citizen children.  *See Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008).

With regard to Weng's claim based on his physical altercation with family planning officials, as the BIA found, the record is devoid of any evidence indicating that Chinese officials would seek out petitioner.  Weng does not dispute that finding, waiving any such argument.  *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7

3

(2d Cir. 2005).  Thus, we will not disturb the BIA's decision in this respect.

Furthermore, the BIA reasonably found that Weng failed to demonstrate a well-founded fear of persecution based on the birth of his two U.S. citizen children.  As the BIA observed, the evidence Weng submitted was similar to, but less extensive than, that addressed in *Matter of J-W-S-,* 24 I. & N. Dec. 185 (BIA 2007*)*.  We have previously reviewed, and found no error in, the BIA's analysis in that case. *Jian Hui Shao v. Mukasey*, 546 F.3d 138 (2d Cir. 2008). Moreover, contrary to Weng's argument, the IJ reasonably discounted Weng's testimony concerning the alleged forced sterilization of a "fellow villager."  *See id.* at 160 (holding that BIA reasonably concluded that conclusory "unattributed 'reports'" do not, by themselves, demonstrate reasonable possibility of future persecution).

Accordingly, the record supports the agency's determination that Weng was not eligible for asylum. 8 U.S.C. § 1252(b)(4)(B); *see Corovic*, 519 F.3d at 95.  We lack jurisdiction to consider Weng's unexhausted challenge to the IJ's denial of his request for withholding of removal and CAT relief and dismiss the petition for review to that

4

extent.  *See* 8 U.S.C. § 1252(d)(1).

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5